MILDRED ALLEN, an Infant, by LEWIS J. ALLEN, Her Guardian ad Litem, *v.* THE NEW YORK CENTRAL RAILROAD COMPANY.

Supreme Court, Madison County, February 25, 1929.

*Stanley Bliss,* for the plaintiff.

*Kernan & Kernan,* for the defendant.

RHODES, J.  Upon the coming in of the verdict herein defendant moved that it be set aside and for a new trial upon the judge's minutes.  The verdict was awarded for the alleged negligence of defendant in maintaining steel pillars in the middle of a highway. The pillars support a bridge over the street, the bridge being for the purpose of carrying defendant's tracks over said underpass at a point in the westerly part of the city of Oneida.  The pillars were placed in the highway pursuant to consent obtained from the proper authorities of said city and are located as provided in the plans upon which the consent was based.  The defendant now contends that having located the pillars at the place and in the manner specified in the consent, it has discharged its full duty and owes no further obligation to the plaintiff.  Under section 21 of the Railroad Law (as amd. by Laws of 1928, chap. 546), the defendant had the right to carry its tracks across the highway upon obtaining the proper consent from the municipal authorities so to do, subject to the condition, however, that the highway be restored to its former state or to such state as not unnecessarily to impair its usefulness.  I think the question as to whether or not the structure, as constructed and maintained, was reasonably safe, was entirely for the jury and that the action of the municipal authorities in consenting to the location of the pillars did not, so far as the rights of plaintiff are concerned, establish that the structure was reasonably safe.  As was pointed out in *Stern* v. *International Railway Co.* (220 N. Y. 284) the railway company and the municipality might both be liable, the railway company for constructing and maintaining an unsafe structure, and the municipality because of the violation of its duty to maintain the highway in a reasonably safe condition.

Defendant's motion is, therefore, denied.